## In re SCHWARZKOPF.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT—DISBARMENT.

Where an attorney admitted receiving $1,400 on an account he was employed to collect on commission, and that he had appropriated the whole amount to his own use, and admitted writing letters to his client denying that he had collected any money, and gave no excuse for such appropriation, he should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55–62; Dec. Dig. § 44.*]

---

Application by the Bar Association to disbar John Schwarzkopf, an attorney. Application granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Einar Chrystie, for petitioner.

John Schwarzkopf, pro se.

PER CURIAM. The respondent is charged with having appropriated to his own use the sum of $1,400, collected for a client between November 30, 1906, and January 3, 1908. He acted under a contract by which he was to receive 25 per cent. of the amount collected and remit the balance to his client. He admits receiving the $1,400 on account of his client's claim in installments, admits appropriating the whole amount to his own use, and admits writing letters to his client stating that he had collected no money, when he had collected a substantial portion of the claim. The referee has reported that the charges are sustained.

The respondent was 33 years of age, and was admitted to the bar in 1898. He was then a clerk in the district attorney's office, where he continued until March, 1901, when he commenced the general practice of the law. About the 1st of May, 1903, he formed a copartnership with two other lawyers, which continued until some time in 1904. When the copartnership was dissolved, there resulted a succession of civil actions between the respondent and his partners, and criminal charges, all of which seem to have been finally disposed of by a settlement between the respondent and his partners. The retainer from the client on which these charges are based was on June 26, 1906, about two years after the copartnership was dissolved, and some time after the matters in dispute between himself and his partners were settled.

The dispute between the respondent and his partners and the mental disturbances caused thereby would seem to have little application to this proceeding. It certainly could not in any way be a justification for the respondent appropriating the money of his client, received long after the dissolution of the firm. The respondent gave no testimony as to the conditions upon which he received this money. He gave no excuse for appropriating it to his own use, instead of paying it to his client, and his conduct before the referee was certainly not such as to justify the court in relieving him from the consequences of his misappropriation of his client's moneys.

It follows that the application must be granted, and the respondent disbarred.

---

POLLACK v. SHUBERT THEATRICAL CO.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

MASTER AND SERVANT (§ 48*)—EMPLOYMENT CONTRACT—CONSTRUCTION.

A contract engaging plaintiff to appear in musical plays for a definite season at "$250 weekly for each and every week that he publicly appears and performs" makes it optional with the employer whether he will give